**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| VICTOR HIDALGO-JARQUIN, a.k.a. Victor Manuel Hidalgo-Jaquin, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72043 <br><br> Agency No. A040-199-424 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Victor Hidalgo-Jarquin, a native and citizen of Nicaragua, petitions pro se

for review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and review de novo constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Hidalgo-Jarquin's request for a continuance, where Hidalgo-Jarquin had already received multiple continuances and the delay caused inconvenience to the agency.  *See Ahmed*, 569 F.3d at 1013-14; *cf. Cui v. Mukasey*, 538 F.3d 1289, 1293-95 (9th Cir. 2008).

Hidalgo-Jarquin's equal protection argument regarding waivers under 8 U.S.C. § 1182(h) is unavailing.  *See Taniguchi v. Schultz*, 303 F.3d 950, 958 (9th Cir. 2002) (holding that a rational basis exists for excluding permanent residents, as "aggravated felon LPRs could be viewed as less deserving of a 'second chance' than non-LPRs") (citation omitted).

In his opening brief, Hidalgo-Jarquin fails to address, and therefore has waived any challenge to, the agency's determination that his conviction for possession of a controlled substance for sale under California Health & Safety Code § 11378 constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) ("[W]e will not

09-72043

ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citation omitted).

Hidalgo-Jarquin's contention that application of the grounds of removability to him is a violation of substantive due process, in light of the equities present in his case, is unavailing. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 978-79 (9th Cir. 2006) ("[O]ur cases have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.") (citation and quotations omitted). Hidalgo-Jarquin's contention that application of the grounds of removability to him violates international law is likewise unavailing. *See id*. at 979-99.

We lack jurisdiction to consider the remaining contentions raised by Hidalgo-Jarquin in his opening brief, as they were not presented to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The government's "motion to strike new evidence submitted with petitioner's opening brief" is granted. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-72043